UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN WAYNE JONES,

        Plaintiff,

vs.                                                Case No. 2:12-cv-285-FtM-29SPC

ROB LEOCADIO, Cpl. and PATRICK MCMANUS, Det.,

        Defendants.
_____

**ORDER**

The Court previously determined that *pro se* Plaintiff may proceed *in forma pauperis* in this case (Doc. # 6). The Court has received forms from the Plaintiff but upon review notes that further forms and information are needed so that service may be effectuated.

ACCORDINGLY, it is hereby **ORDERED:**

1.    The United States Marshal shall mail one copy of the Civil Rights Complaint (Doc. #1) and attachments, the Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, and this Order to the Defendants within **TWENTY (20) DAYS** of this Order. **The Marshal shall fill in the date of mailing in the blanks at the end of the Notice of Lawsuit and Request for Waiver of Service of Summons that reads: "I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____."** The Marshal shall send the Defendants a stamped, self-addressed envelope for returning the Waiver of Service of Summons to the Court. All costs of mailing shall be advanced by the United States. The

Marshal shall send a copy of the <u>Notice of Lawsuit and Request for Waiver of Service of Summons</u> form to the Clerk's Office so that the Clerk's Office will have a record of the date it was sent.

  2. Defendants shall have **THIRTY (30) DAYS** from the date that the Waiver of Service of Summons was sent to return it, if they choose to do so. **If a Defendant chooses to return the Waiver of Service of Summons, he should use the addressed, stamped envelope provided.**

  3. If a Defendant returns the Waiver of Service of Summons, Defendant shall have **SIXTY (60) DAYS** from the date that the Waiver of Service of Summons was sent in which to answer or otherwise respond to the complaint.

  4. **If a Defendant does not return the Waiver of Service of Summons, the Marshal is directed to personally serve that Defendant and the Court will issue a separate order <u>and shall assess that Defendant the costs of service</u>.** That Defendant shall then have **TWENTY (20) DAYS** from the date of personal service of process in which to answer or otherwise respond to the complaint.[1]

---

[1] The Prison Litigation Reform Act of 1995, Title VIII, Section 803, Suits by Prisoners, provides, in pertinent part:

  (g) WAIVER OF REPLY.  (1) Any defendant may waive the right to reply to any action brought by a prisoner in any jail, prison, or other correctional facility under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

  (2) The court may require any defendant to reply to such complaint if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

  Additionally, Fed. R. Civ. P. 4(d) makes clear that "a defendant is duty-bound to avoid the unnecessary costs of formal personal service of process, or risk being taxed with costs of service."

5. Before counsel has appeared for Defendant, Plaintiff shall send to each Defendant a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for a Defendant, the copy shall be sent directly to counsel for said Defendant, rather than to that Defendant personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to a Defendant or counsel for a Defendant.

6. If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon a Defendant or counsel for a Defendant, it will be stricken by the Court.

7. Plaintiff shall immediately advise the Court of any change of address by filing a document entitled "Notice of Change of Address". This notice shall contain <u>only</u> information pertaining to the address change and the effective date of such. Plaintiff must file a <u>separate</u> notice in each case that he has pending before the Court. Failure to inform the Court of an address change may result in the <u>dismissal</u> of this case, without further notice of the Court. Plaintiff is reminded that he also must keep Defendants informed of his current address by sending each Defendant a copy of the "Notice of Change of Address" in accordance with section 5 of this order.

8. **Plaintiff should not correspond with the Court in letter form. Plaintiff should file a pleading or motion with a title**. The title should be a brief summary of the contents of the pleading or motion. For example, if Plaintiff is requesting access to the prison law library, the title of the motion should be "Motion for Access to the Law Library". <u>As a matter of course, the Court will not respond to Plaintiff's letters in the future</u>.

9.     Plaintiff should not attempt to correspond directly with a judge or magistrate judge. Judges will not, as a matter of policy, respond to personal correspondence when it pertains to a pending case.  This policy is in keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties. Accordingly, their decisions and opinions are, quite properly, only delivered in response to those legal instruments filed with the Clerk's Office in accordance with governing rules of procedure. The Court will strike and return any correspondence addressed directly to a judge or magistrate judge.

10.    **If any Defendant files a motion to dismiss the complaint, Plaintiff shall have TWENTY (20) DAYS to file his response to the motion to dismiss.** Plaintiff is advised out of an abundance of caution that the granting of a motion to dismiss would result in the dismissal of the Defendant filing the motion to dismiss.

If any Defendant files a motion for summary judgment, Plaintiff shall have **TWENTY (20) DAYS** to file his response to the motion for summary judgment. In preparing a response, Plaintiff should be aware of the provisions of Federal Rule of Civil Procedure 56.

Pursuant to Fed. R. Civ. P. 56, when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Rather, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law

allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed along with the affidavits. In that event there will be no evidentiary hearing and the case will be ended in this Court.

If Plaintiff does not file a response to the motion to dismiss or construed motion for summary judgment within twenty (20) days after Defendant files his motion, the motion will be taken under advisement and an Order entered thereon without further notice.

**DONE AND ORDERED** in Fort Myers, Florida, on this 2nd day of July, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record