**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**NORMAN WAYNE JONES,**

**Plaintiff,**

**V.** **Case No: 2:12-CV-285-FtM-29SPC**

**ROB LEOCADIO and PATRICK MCMANUS,**

**Defendants.**

______________________________________/

# ORDER

This matter comes before the Court on Motion for Appointment of Counsel (Doc. #12) filed on July 20, 2012. As grounds, the Plaintiff *pro se* Norman W. Jones states that he has made numerous contacts with local attorneys with no positive results.

The United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose [her] physical liberty if [she] loses the litigation." Lassiter v. Dept. of Social Services, 452 U.S. l8, 25, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (l98l). A civil rights action against the officers in this case is civil in nature and does not affect the Plaintiff's physical liberty.

When exceptional circumstances are present, the Court has the discretion under 28 U.S.C. § l9l5(d)[1] to request an attorney to represent a litigant proceeding in forma pauperis. A finding of exceptional circumstances depends upon assessment of two basic factors: (l) The type and

---

[1] Section 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 109 S. Ct. 1814, 104 L Ed. 318 (1989).

complexity of the case; and, (2) the abilities of the individual bringing it. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. l982). Ulmer v. Chancellor, 69l F.2d 209, 2l3 (5th Cir. l982) and Cook v. Bounds, 5l8 F.2d 779, 780 (4th Cir. l975).

In the present case, the Court finds no exceptional circumstances at this juncture necessitating appointment of counsel and will therefore deny Plaintiff's motion for appointment of counsel. Schack v. Florida, 39l F.2d 593, 595 (5th Cir.1968), cert. denied, 392 U.S. 9l6 (l968). The Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. 686 F.2d at 266. This is not a complex case and does not raise any new or novel issues or facts. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). From the pleadings filed in this case by the Plaintiff, the Court notes that the Plaintiff has shown the ability to litigate this action pro se. Wolff v. McDonnell, 4l8 U.S. 539, 570, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

Pro se complaints are held to less stringent standards than formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 5l9, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (l972). A complaint filed pro se will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Scheuer v. Rhodes, 4l6 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 90 (l974), *rev'd in part on other grounds*, Davis v Scherer, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 139 (1984) (over turning the qualified immunity principle in Scheuer v. Rhodes, by holding that qualified immunity may be overcome by a showing that the plaintiff's constitutional rights were clearly at issue when the alleged violation of those rights occurred). This Court is liberal in reviewing pro se complaints, giving individuals ample opportunity to amend their complaints if necessary, and granting generous extensions of time to comply with court orders. Consequently, the Court's

liberal construction of pro se complaints, coupled with Plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary in this case.

Accordingly, it is now

**ORDERED:**

Motion for Appointment of Counsel (Doc. #12) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

Plaintiff *pro se*