**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**NORMAN W. JONES**

**Plaintiff,**

**v.** **Case No. 2:12-cv-00285-JES-SPC**

**BOB LEOCADIO,**
**PATRICK MCMANUS, and**
**KEVIN RAMBOSK**

**Defendants.**
**_______________________________/**

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. #45), filed on October 29, 2012. Plaintiff, currently incarcerated in the Collier Country Jail, appears *pro se* in this case, and was granted leave to proceed *in forma pauperis* with regard to his present civil rights complaint. In his Motion, Plaintiff requests that this Court appoint him counsel to represent him in this civil rights suit against three members of the Collier County Sheriff's Department. Plaintiff previously requested the appointment of counsel in an earlier Motion (Doc. #12), which the Court denied (Doc. #14). For the reasons stated in the previous Order (Doc. #14), including the absence of exceptional circumstances, Plaintiff's request for Counsel is again denied.

With respect to the discovery questions raised by Plaintiff in his Motion, the Court will take this opportunity to highlight the Federal Rules of Civil Procedure that speak to these issues. First, Plaintiff requests to take the depositions of the Defendants and two witnesses. Rule 31(a)(1) of the Federal Rules of Civil Procedure allows parties to depose other parties in the case

and witnesses by written questions, rather than in person, as is typically done. The Rule states, "a party may, by written questions, depose any person, including a party, without leave of court," with limited exceptions. *See* Fed. R. Civ. P. 31. Additionally, Rule 33 of the Federal Rules allows a party to serve upon another party up to twenty-five (25) written questions (interrogatories) that inquire after any non-privileged matter that is related to the party's claim or defense. The party upon whom the interrogatories have been served has thirty (30) days to respond. Fed. R. Civ. P. 33(b). As Plaintiff is incarcerated, he may choose to depose Defendants by written questions. There is no relief the Court can afford Plaintiff at this time on this issue. Plaintiff is responsible for conducting discovery in this matter.

Plaintiff also requests that Defendants produce all digital photographs and documents of and pertaining to Plaintiff's injuries. With regard to the production of photographic and documentary evidence related to a party's claim or defense, under Rule 34 of the Federal Rules of Civil Procedure, a party is permitted to serve on any other party a request for inspection or production of copies of documents, materials, and electronically stored information, including, but not limited to, photographs. Rule 34(b)(1) states that a request for such items must "(A) describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1) The party upon whom the request for production is made must respond in writing, including any objections, within thirty (30) days after being served. Fed. R. Civ. P. 34(b)(2). Plaintiff must follow these Rules to obtain the tangible items from Defendants. In the event that a party does not respond to interrogatories, written depositions, or requests for production within the time limit specified in the Federal Rules, the requesting party

may petition the Court to compel discovery. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is within the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). **A motion to compel may only be filed with the Court after Defendants have been afforded the opportunity to respond.**

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Appointment of Counsel (Doc. #45) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 30th day of October, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record