UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN WAYNE JONES,

    Plaintiff,

v.                                            Case No:  2:12-cv-285-Ftm-29SPC

ROB LEOCADIO, PATRICK MCMANUS
and KEVIN RAMBOSK,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on Plaintiff's Motion Requesting Rehearing and/or Reconsideration of Motion of Appointment of Counsel (Doc. #52) filed on December 21, 2012. Plaintiff *pro se* moves for reconsideration of this Court's Order denying his request to appoint him counsel. (Doc. #49).

    Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor

Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).  A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined.  Carter, 2006 WL 2620302 at * 1.  The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).  "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Court has reviewed Plaintiff's memorandum and finds that Plaintiff has failed to set forth new facts or law which exhibit extraordinary circumstances such that the Court would reconsider its ruling.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion Requesting Rehearing and/or Reconsideration of Motion of Appointment of Counsel (Doc. #52) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of December, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record