```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

NORMAN WAYNE JONES,

          Plaintiff,

vs.                                    Case No.   2:12-cv-285-FtM-29UAM

ROB LEOCADIO, Cpl. and PATRICK MCMANUS, Det., and SHERIFF KEVIN RAMBOSK,

          Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Sheriff's Motion for Summary Judgment (Doc. #98) filed on October 16, 2013 and Defendants', Leocadio and McManus, Motion for Summary Judgment (Doc. #99) filed on October 21, 2013. On November 8, 2013, a Summary Judgment Notice (Doc. #100) was issued advising plaintiff that a response to a motion for summary judgment must be filed within fourteen days of service of the motion for summary judgment and provided additional explanatory admonitions for the benefit of plaintiff, who is proceeding *pro se*. Thereafter, on November 21, 2013, plaintiff filed a Response (Doc. #101) to Defendants', Leocadio and McManus, Motion for Summary Judgment; however, plaintiff has not filed a response to Defendant Sheriff's Motion for Summary Judgment. Both motions are ripe for review.

I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material

fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007). In the summary judgment context, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney. Loren v. Sasser, 309 F.3d 1296, 1301 (11th Cir. 2002).

**II.**

The undisputed facts are as follows: On October 6, 2011, plaintiff was arrested by defendants Rob Leocadio and Patrick McManus of Collier County Sheriff's Office and charged with: (1) tampering/destruction of evidence; (2) resisting arrest without violence; (3) providing false information to a law enforcement officer when arrested/detained; (4) possession of narcotic paraphernalia; (5) failure to appear for felony offense in violation of Florida Statute § 843.15-1a; and (6) failure to appear for misdemeanor offense in violation of Florida Statute § 843.15-1b. (Doc. #108, p. 4.) By Information, the State Attorney's Office charged plaintiff with:

> On or about October 6, 2011 in Collier County, Florida, did unlawfully resist, obstruct, or oppose Detective Patrick McManus of Collier County Sheriff's Office in the execution of legal process or in the lawful execution of a legal duty, to-wit: preventing defendant from ingesting possible narcotics, contrary to Florida Statute 843.02,
>
> On or about October 6, 2011, in Collier County, Florida, did unlawfully possess with intent to use, drug paraphernalia as defined in § 893.145, contrary to Florida Statute 893.147.

(<u>Id.</u>; Doc. #99-5.) On December 27, 2011, plaintiff entered a plea of no contest to the charges against him and he was adjudicated guilty of obstructing an officer without violence and possession and use of narcotic paraphernalia. (Doc. #108, p. 4; Doc. #99-6; Doc. #99-7; Doc. #99-8.) Plaintiff's conviction has not been overturned. (Doc. #108, p. 5.)

### III.

Plaintiff alleges a violation of his Fourth Amendment right to be free from the use of excessive force by defendants Rob Leocadio (Leocadio) and Patrick McManus (McManus) in their individual capacities under 42 U.S.C. § 1983 (Section 1983). (Doc. #25, pp. 5, 6; Doc. #108, pp. 1, 2.) Plaintiff also brings a claim against Kevin Rambosk, Sheriff of Collier County, Florida (Sheriff), pursuant to Section 1983, alleging that he is responsible for the actions of his deputies. (Doc. #25, pp. 6, 7; Doc. #108, pp. 1, 2.)

Plaintiff alleges and in his deposition states: plaintiff was pulled over by defendants Leocadio and McManus, (Doc. #25, p. 5; Doc. #99-3, p. 19); plaintiff exited the car and was escorted to an unmarked vehicle, (Doc. #25, p. 5; Doc. #99-3, pp. 27-29); defendants verified that there was an active warrant for plaintiff's arrest, (Doc. #25, p. 5; Doc. #99-3, p. 29); defendants placed handcuffs on plaintiff, (<u>id.</u>); a few seconds later defendant McManus grabbed plaintiff by his neck and stated "quit resisting"

and "spit it out" because he believed that plaintiff had pieces of crack cocaine in his mouth, (Doc. #25, pp. 5, 6; Doc. #99-3, pp. 29-31); at the same time, Leocadio had one hand on the handcuffs and used the other to punch plaintiff in the face four or five times while yelling "spit it out," (Doc. #25, p. 6; Doc. #99-3, p. 30); plaintiff attempted to advise defendants that he did not have anything in his mouth but could not do so, (Doc. #25, p. 6); while plaintiff was handcuffed, Leocadio tased him in the back for 2 or 3 seconds, (Doc. #25, p. 6; Doc. #99-3, pp. 35, 36); plaintiff was then placed under arrest and transported to Naples Community Hospital where he was medically cleared and transported to the Collier County Jail, (Doc. #25, p. 6); plaintiff had previously filed grievances against Leocadio when he was a guard at the Collier County Jail and plaintiff believes that Leocadio's actions were in retaliation for the grievances, (Doc. #99-3, pp. 26, 27, 33).  As it relates to plaintiff's allegations against defendant Sheriff, plaintiff alleges and states: the Sheriff is liable because he is Leocadio and McManus' boss, the officers were on duty and trained under the Sheriff's supervision, and the Sheriff is responsible for his employees' actions and to reprimand his officers.  (Doc. #25, pp. 6, 7; Doc. #99-3, pp. 50-53.)

Defendants, relying primarily on sworn statements made by defendants Leocadio and McManus to the Collier County Sheriff's Office Professional Responsibility Bureau, contend that: after

plaintiff exited the vehicle, McManus observed what he believed were three pieces of crack cocaine in plaintiff's mouth, (Doc. #99-2, p. 2); McManus motioned to Leocadio to inform him of what he observed in plaintiff's mouth and Leocadio confirmed that he also saw the object, (Doc. #99-1, p. 2; Doc. #99-2, p. 2); in order to prevent plaintiff from swallowing the crack cocaine because of evidentiary and health reasons, McManus placed his hand on the back of plaintiff's neck, pushed him forward, and repeatedly ordered him to spit out the object, Leocadio then proceeded to deliver short strikes to plaintiff's face, (Doc. #99-1, p. 3; Doc. #99-2, p. 2-4); McManus released plaintiff's neck and attempted to place handcuffs on him, (Doc. #99-2, p. 3); plaintiff resisted by tensing his arms and pushing his body away from the vehicle, (Doc. #99-1, p. 4; Doc. #99-2, p. 3); Leocadio warned plaintiff to stop resisting and after plaintiff continued to resist arrest, Leocadio administered one five second drive stun cycle with a taser, (Doc. #99-1, p. 4; Doc. #99-2, p. 3).

### IV.

Defendants Leocadio and McManus assert that they are entitled to summary judgment because (1) Heck v. Humphrey, 512 U.S. 477 (1994) bars plaintiff from bringing a Section 1983 excessive force claim against defendants, and (2) defendants are entitled to

qualified immunity as to plaintiff's claim of excessive force.[1] (Doc. #99.)

**A. Heck Bar**

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added)(internal citation and footnote omitted).

Here, defendants Leocadio and McManus acknowledge that it is possible for plaintiff to allege a cause of action that is not barred by Heck, (Doc. #99, pp. 9-10), but assert he has not done so. Defendants argue that the cause of action alleged by plaintiff

---

[1]Defendants Leocadio and McManus also assert that they are entitled to summary judgment as to any Section 1983 Fourteenth Amendment claims because an excessive force violation is not actionable under the Fourteenth Amendment. (Doc. #99, pp. 6, 7.) This argument is denied as moot as plaintiff only brings his claim under the Fourth Amendment. (Doc. #108, p. 1.)

is barred because plaintiff's deposition testimony establishes that his theory of excessive force is based on the premise that plaintiff never resisted or obstructed the deputies at any time during the arrest. (Id.) This, defendants assert, directly undermines plaintiff's conviction for obstructing an officer without violence, and is thus barred by Heck. (Id.)

The Court does not come to the same conclusions. First, the charge of conviction did not relate to Deputy Leocadio, and therefore Heck has no application to the claim against Deputy Leocadio. Second, the allegations in his Amended Civil Rights Complaint (Doc. #25) do not suggest that plaintiff's claim is so limited. Plaintiff's Amended Civil Rights Complaint includes a statement of facts in which plaintiff alleges multiple actions that plausibly give rise to his excessive force claim, including: (1) McManus grabbing plaintiff by the neck and back and choking him; (2) Leocadio punching plaintiff 4 or 5 times in the face; and (3) Leocadio tasing plaintiff for 2 or 3 seconds. (Doc. #25, pp. 5, 6.) Given the general nature of the charge and viewing the evidence in the light most favorable to plaintiff, a jury could conclude that both McManus and Leocadio's actions support an excessive force claim, even if they disbelieved plaintiff's deposition testimony of complete cooperation. See Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir. 2008). See also Dyer v.

Lee, 488 F.3d 876, 882-83 (11th Cir. 2007). Therefore, the Court finds plaintiff's claim is not barred by Heck.

**B. Qualified Immunity**

Defendants Leocadio and McManus next raise the defense of qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1305 (11th Cir. 2009)(citation and quotation marks omitted). The standard for qualified immunity is well established. First, the government official must show that he was engaged in a "discretionary function" when he committed the allegedly unlawful acts. Corey Airport Servs., Inc. v. Decosta, 587 F.3d 1280, 1285 (11th Cir. 2009)(citation omitted). If the official acted within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. Id. To do this, plaintiff must show: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the violation. Id.

A defendant acts within his discretionary authority when "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988)(citations and internal quotation marks

omitted). There does not seem to be a dispute that Leocadio and McManus were engaged in a "discretionary function" in pulling over plaintiff for a traffic violation and arresting him. See Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). Therefore, the Court will consider only whether plaintiff has shown that qualified immunity is not appropriate.

Plaintiff must first allege that the officers' conduct violated a constitutional right. Plaintiff alleges a violation of his Fourth Amendment rights based upon excessive force. "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee, 284 F.3d at 1197 (citation omitted). Viewing the evidence in the light most favorable to plaintiff, a jury could conclude that the amount and type of force utilized under the circumstances was unreasonable and in violation of the Fourth Amendment. See Hadley, 526 F.3d at 1330 (allowing excessive force claim to proceed when an officer punched in the stomach an arrestee who was handcuffed, did not pose a danger to the officer, and was not resisting arrest); Lee, 284 F.3d at 1198 (allowing excessive force claim to proceed when an officer slammed arrestee's head onto the hood of a car when she was handcuffed, not posing a threat to the officer, and not posing a flight risk); Thompson v. Mostert, 489 F. App'x 396 (11th Cir. 2012)(allowing excessive force claim to proceed when officer forced arrestee to

ground and deployed a taser device to his back, even though arrestee did not resist being handcuffed); Hall v. Ala. Dep't of Pub. Safety, 249 F. App'x 749, 751 (11th Cir. 2007)(allowing excessive force claim to proceed when officer sprayed arrestee with mace, after he was already subdued in handcuffs).

Second, plaintiff must show defendant violated clearly established law. The cases cited above establish that the law was clearly established and that no reasonable officer could have believed the force utilized (as viewed in the light most favorable to plaintiff) was within the permissible limits of the Fourth Amendment. Therefore, the Court cannot, at this stage of the proceedings, find that qualified immunity bars plaintiff's Fourth Amendment claim.

**V.**

Defendant Sheriff asserts that he is entitled to summary judgment because the record does not demonstrate that the plaintiff's constitutional rights were violated as a direct result of the Sheriff's policies, customs, practices, or procedures. (Doc. #98.)

Under § 1983, a governmental entity may not be held liable under a theory of *respondeat superior*, but instead may only be held liable when its "official policy" causes a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiff can establish the requisite "official policy" in

one of two ways: (1) identifying an officially promulgated policy, or (2) identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity. Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329-30 (11th Cir. 2003). Plaintiff must identify the policy or custom which caused his injury so that liability will not be based upon an isolated incident, McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)(citations omitted), and the policy or custom must be the moving force of the constitutional violation, Grech, 335 F.3d at 1330.  See also Bd. of the Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005)(quoting Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)).

"Municipal policy or custom may include a failure to provide adequate training if the deficiency evidences a deliberate indifference to the rights of its inhabitants. [ ] To establish a city's deliberate indifference, a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a

deliberate choice not to take any action." <u>Lewis v. City of West Palm Beach, Fla.</u>, 561 F.3d 1288, 1293 (11th Cir. 2009)(internal citations and quotation marks omitted).  Plaintiffs can show the entity was deliberately indifferent by either showing that (1) the city was aware of a pattern of constitutional violations and nevertheless failed to provide adequate training or (2) the likelihood of constitutional violation was so high that the need for training was obvious.  <u>Id.</u>

In this case, plaintiff alleges and in his deposition stated that: the Sheriff is liable because he is Leocadio and McManus' boss, the officers were on duty and trained under the Sheriff's supervision, and the Sheriff is responsible for his employees' actions and to reprimand his officers.  (Doc. #25, pp. 6, 7; Doc. #99-3, pp. 50-53.)  Plaintiff has failed to identify an officially promulgated policy or an unofficial custom or practice shown through the repeated acts of the Sheriff that resulted in the violation of plaintiff's constitutional rights.  Additionally, plaintiff has not presented sufficient evidence that the Sheriff was deliberately indifferent.  Plaintiff has failed to show any evidence that there was a pattern of constitutional violations or that the likelihood that an officer would use excessive force was so high that the need for training was obvious.  Thus, the Court will grant defendant Sheriff's motion for summary judgment.

Accordingly, it is now

**ORDERED:**

1. Defendant Sheriff's Motion for Summary Judgment (Doc. #98) is **GRANTED**. Summary judgment is granted as to the Amended Civil Rights Complaint (Doc. #25) in favor of Kevin Rambosk, Sheriff of Collier County, Florida. The Clerk shall withhold entry of judgment until the conclusion of the case.

2. Defendants', Leocadio and McManus, Motion for Summary Judgment (Doc. #99) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>17th</u> day of January, 2014.

                                                    _____
                                                    JOHN E. STEELE
                                                    UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
Pro se parties